

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

# FILED

APR **21** 2014

| | | |
|---|---|---|
| IN RE: ANDROGEL PRODUCT | § | |
| LIABILITY LITIGATION | § | **MDL DOCKET NO. 2545** |
| | § | |
| | § | |

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

*14-772*

*Judge: Kennelly*

### MOTION FOR TRANSFER AND COORDINATION
### OR CONSOLIDATION UNDER 28 U.S.C. §1407

Pursuant to 28 U.S.C. §1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on MultiDistrict Litigation, Movants, Rafael Barrios ("Barrios") and his wife Connie Barrios ("Ms. Barrios"), plaintiffs in the action-captioned *Barrios v. AbbVie Inc.*, 14-0839 (E.D.La.), respectfully move the Judicial Panel on Multidistrict Litigation for an Order for transfer and coordination and consolidation of all related actions (listed in the accompanying Schedule of Related Actions)(the "Related Actions") to the United States District Court for the Eastern District of Louisiana. Each of the Plaintiffs in the Related Actions ingested a form of testosterone replacement therapy that is alleged to have caused serious medical problems, including life threatening cardiac events, strokes, and thrombolytic events. Already pending in this MDL 2545 are 41 actions all involving the drug Androgel. In addition , there are numerous other actions involving testosterone drugs other than Androgel, all of which involve common issues of facts and are related to the claims set forth in the Androgel actions.

As set forth in the caption, the proposed name of this MDL indicates that the JPML Panel has already established an MDL docket number for Androgel. However, Movant requests that the MDL should include a number of Related Actions involving testosterone replacement therapies. Movants' lawsuit involves Androgel and Testim. Testosterone replacement therapy drugs are manufactured by several different manufacturing defendants. For instance, Androgel is

manufactured by Abbott Laboratories, Inc. and AbbVie Inc., whereas Testim is manufactured by

Auxilium Pharmaceuticals, Inc.

      1.      To date, there are fifty (50) actions filed against testosterone replacement

therapies that are in federal courts.

      2.      To date, there are nine (9) actions filed that involve drugs in addition to

Androgel.

      3.      The Related Actions involve one or more common questions of fact as

required by 28 U.S.C. § 1407.  Common questions of fact are, *inter alia,*:

    a.  Whether Defendants' testosterone replacement therapies are defective;

    b.  Whether Defendants conducted or completed adequate testing of their

products including but not limited to testing a possible safer alternative

designs;

    c.  Whether the labeling of Defendants' testosterone replacement therapies

was inadequate;

    d.  Whether Defendants are strictly liable to the Plaintiffs;

    e.  Whether Defendants had knowledge regarding the existence of a defect in

their testosterone replacement therapies;

    f.  Whether Defendants breached any warranty, express or implied, related to

their testosterone replacement therapies;

    g.  Whether Defendants' claims as to the safety and efficacy of their

testosterone replacement therapies were accurate and proper; and,

    h.  Whether Plaintiffs are entitled to compensatory and exemplary damages.

4.      Discovery conducted in each of these Related Actions by the Plaintiffs will be substantially similar (as to each specific Defendant) and will involve the same documents and witnesses, because each of the Related Actions arises from the same or similar nucleus of operative facts (as to each specific Defendant) and accordingly each Plaintiff in the Related Actions will seek substantially the same documents from Defendants, depositions of substantially the same witnesses, and engage in third-party discovery that will be essentially the same for each of the Related Actions. Further, as new cases are filed in or removed to a federal court, these other cases will also seek substantially the same discovery from Defendants and third-parties.

5.      As a consequence, transfer of the Related Actions for coordination or consolidation will prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve judicial resources.

6.      On April 11, 2014, Movant filed with this Court a Motion for Transfer and Coordination or Consolidations Under 28 U.S.C. §1407.[i] Movant adopt and incorporates herein as if copied *in extensor* the entire filing made in Case Pending #42.

7.      The United States District Court for the Eastern District of Louisiana is the most appropriate forum for coordination or consolidation of the Related Actions for the following reasons:

   a. The Eastern District of Louisiana is well-suited to manage this litigation because it has the experience, resources, and personnel necessary for the management of a multidistrict litigation proceeding.

3

b. The Eastern District of Louisiana is easily accessible from anywhere in North America.

Accordingly, the Moving Plaintiffs respectfully request that the Judicial Panel on Multidistrict Litigation issue an Order transferring the other Related Actions to the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings.

Respectfully submitted,

Dated: April 14, 2014

/s/ Leonard A. Davis

Russ M. Herman, Esquire (LA Bar No. 6819)
rherman@hhklawfirm.com
Maury A. Herman, Esquire (LA Bar No. 6815)
mherman@hhklawfirm.com
Leonard A. Davis, Esquire (LA Bar No. 14190)
ldavis@hhklawfirm.com
Stephen J. Herman, Esquire (LA Bar No. 23129)
sherman@hhklawfirm.com
Aaron Z. Ahlquist, Esquire (LA Bar No. 29063)
aahlquist@hhklawfirm.com
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024

---

[i] The Clerk of the JPML Court has requested that the Motion filed under Case Pending #42 be withdrawn.  However, Movant does not withdraw the motion for purposes of this filing in MDL 2545.

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: ANDROGEL  PRODUCT LIABILITY LITIGATION | § § § § | MDL DOCKET NO.  2545 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. §1407

### I.     INTRODUCTION

Pursuant to 28 U.S.C. §1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on MultiDistrict Litigation, Movants, Rafael Barrios ("Barrios") and his wife Connie Barrios ("Ms. Barrios"), plaintiffs in the action-captioned *Barrios v. AbbVie Inc.*, 14-0839 (E.D.La.), respectfully submits this Memorandum in Support of their Motion for Transfer and Coordination and Consolidation.

To date, there are fifty (50) cases on file involving multiple different testosterone replacement therapy drugs. There are nine (9) cases on file that involve drugs in addition to Androgel. *See* Schedule of Related Actions, attached hereto as Exhibit "1".  Examples of such drugs include Androgel, Testim, Axiron, Androderm, Fortesta, Delatestryl, Striant, Depo-Testosterone, and Testopel. Movants' lawsuit involves Androgel and Testim. Testosterone replacement therapy drugs are manufactured by several different manufacturing defendants.  For instance, Androgel is manufactured by Abbott Laboratories, Inc. and AbbVie Inc., whereas Testim is manufactured by Auxilium Pharmaceuticals, Inc.

While Adrogel is the subject of another motion to transfer and consolidate that is currently pending before the Panel, *see In Re: Androgel Product Liability Litigation*, MDL 2545, Movants' respectfully request that the litigation involving all testosterone therapy drugs, and not

just Androgel, be transferred and consolidated under 28 U.S.C. § 1407. Consolidation and coordination of these proceedings as an MDL is warranted in light of common questions of fact involved in the Related Actions. Such consolidation and coordination will conserve judicial resources, promote efficient management of litigation, and avoid inconsistent pretrial rulings.

Movants' lawsuit is currently pending before the United States District Court for the Eastern District of Louisiana. The Eastern District of Louisiana is a highly experienced forum in terms of handling and resolving complex litigations, including multidistrict products liability litigations involving pharmaceutical drugs. The Eastern District of Louisiana is equipped with a district clerk's office which has demonstrated the ability to manage large complex multidistrict litigations including such cases as Propulsid, Chinese Drywall, BP Oil Spill MDL, and Vioxx. In light of the Eastern District of Louisiana's past experience with complex multidistrict litigations, Movants respectfully request that the instant testosterone replacement therapy litigation be consolidated for pretrial purposes in the Eastern District of Louisiana.

## II.   ARGUMENT

### A.   TRANSFER OF THE ACTIONS TO ONE COURT FOR CONSOLIDATION OR COORDINATION IS APPROPRIATE UNDER 28 U.S.C. § 1407

The principal goal of 28 U.S.C. § 1407 is to conserve judicial resources, promote efficient management of litigation, and avoid inconsistent pretrial rulings. These goals are best served by transferring the Related Actions for coordinated or consolidated pretrial proceedings. Section 1407 authorizes the Judicial Panel on Multidistrict Litigation (the "Panel") to transfer two or more civil cases for coordinated pretrial proceedings upon a determination that (i) they "involve[e] one or more common questions of fact," (ii) transfer will further "the convenience of the parties and witnesses," and (iii) transfer "will promote the just and efficient conduct of the

2

actions." 28 U.S.C. § 1407(a); *see, e.g., In re: McDonald's French Fries Litig.*, MDL NO. 1784, 2008 WL 2316521 (June 5, 2008); *see also* Manual on Complex Litigation § 22.33 at 367 (4th ed. 2004)(goals of 28 U.S.C. § 1407 are to avoid duplicative discovery, prevent inconsistent or repetitive rulings, and conserve the resources of parties, counsel, and the courts).

The transfer of the Related Actions to the same court for consolidated or coordinated proceedings is appropriate here because common questions of law and fact exist, and consolidation or coordination before one court will ensure efficient management of the litigation and avoid duplicative discovery.

> **1.      Consolidation or Coordination Is Appropriate Because the Related Actions Involve One or More Common Questions of Fact and Law**

As set forth in the caption, the proposed name of this MDL indicates that the focus of the underlying Related Actions is on testosterone replacement therapies. The testosterone replacement therapies at issue in the Related Actions are alleged to cause serious medical problems, including life threatening cardiac events, strokes, and thrombolytic events.[1] Each of the manufacturers is also alleged to have misrepresented that their products are safe and effective treatments for hypogonadism or "low testosterone" and to have understated the health hazards and risks associated with their products. Finally, each of the defendant manufacturers is also alleged to have engaged in aggressive consumer and physician marketing and advertising campaigns with respect to their testosterone replacement therapies.[2]

---

[1] In some patient populations, testosterone replacement therapies may increase the incidence of myocardial infarctions and death by over 500%.

[2] For instance, each of the manufacturers is alleged to have engaged in widespread advertising and marketing campaigns that stressed alleged symptoms of low testosterone such as listlessness, increased body fat, and moodiness—all symptoms that are often a result of aging, weight gain, or lifestyle, rather than low testosterone. For instance, the manufacturers of AndroGel presented this message to consumers via their unbranded website "IsItLowT.com." These advertising and

Thus, each of the Related Actions involve common factual issues (*i.e.*, whether each of the testosterone replacement therapies are defective) as well as common issues of law (*i.e.*, whether the manufacturers failed to properly warn Plaintiffs of the health risks and whether the manufacturers breached various warranties owed to plaintiffs). Because the Related Actions share common questions of fact and implicate overlapping discovery and expert and dispositive issues, coordination of these actions before a single judge will provide the most efficient approach to managing the cases at this time. The Panel consistently holds that cases involving overlapping factual and legal issues are particularly appropriate for transfer. *See, e.g., In re: Yasmin, Yaz (Drospirenone) Mktg., Sales Practices & Products Liab. Litig.*, MDL. 2100, 2009 WL 3163531, at *1 (Oct. 1, 2009) ("we find that these 32 actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation."); *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 173 F. Supp. 2d 1377, 1379 (J.P.M.L. 2001) ("the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."); *In re Bridgestone/Firestone, Inc.*, 2000 WL 33416573, at *2 (J.P.M.L. 2000)("All actions involve allegations that Firestone and, in most instances, Ford are responsible for harm and risk of harm caused by defective tires . . . .").[3] Further, because Section

---

marketing campaigns caused millions of men to discuss testosterone replacement therapy with their doctors and generated massive profits for the Defendants.

[3] *See also In re Inter-Op Hip Prosthesis Prod. Liab. Litig.*, 149 F. Supp. 2d 931, 933 (J.P.M.L. 2001) (transferring cases to MDL court where "[t]he actions . . . present complex common questions of fact concerning, inter alia, i) the development, testing, manufacturing and marketing of the [defendant's] products, and ii) defendant's knowledge concerning the possible adverse effects associated with use of the [defendant's product]").

1407 does not require a majority of common factual issues as a condition for transfer, the many common questions thus presented are more than sufficient to satisfy Section 1407. *See In re Ins. Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005). Thus, consolidation or coordination is appropriate here because the Related Actions involve a number of significant common issues of law and fact. Coordinating the actions before one judge at this early stage will allow the parties and the court to address this overlapping discovery in an organized manner and avoid the potentially very costly duplication of efforts and judicial resources that would be required if the cases were to continue to proceed on separate schedules and in separate courts.

To the extent that any impacted party takes the position that this litigation is improper for consolidated or coordinated pretrial proceedings since it involves multiple defendants and multiple different products, this argument should be rejected as it fails to acknowledge that this Panel has, in the past, transferred and consolidated actions involving multiple defendants and multiple different products. *See In re Tylenol (Acetaminophen) Marketing, Sales Practices and Products Liability Litigation*, MDL 2436 (J.P.M.L. 2013) (consolidating product liability actions involving multiple manufacturers of various over-the-counter acetaminophen products before the Honorable Lawrence F. Stengel); *In re American Medical Systems, Inc., Pelvic Repair Systems Products Liability* Litigation, MDL 2325 (J.P.M.L. 2012) (consolidating MDL Nos. 2325, 2326, and 2327, which involved various models of pelvic surgical mesh products manufactured by three groups of manufacturers, before the Honorable Joseph R. Goodwin); In *re Chinese– Manufactured Drywall Prods. Liab. Litig.*, 626 F.Supp.2d 1346 (J.P.M.L.2009) (consolidating actions involving defective drywall manufactured by various different Chinese manufacturing defendants to the Honorable Eldon E. Fallon); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 173 F.Supp.2d 1377, 1379-80 (J.P.M.L. 2001)(consolidating actions involving separate

defendants and separate over-the-counter products where the actions remained rooted in complex core questions concerning the safety of a common substance in numerous over-the-counter cough-cold and weight-loss products that were manufactured and distributed by multiple defendants under different brand names to the Honorable Barbara J. Rothstein); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig.*, 990 F.Supp. 834, 834-36 (J.P.M.L. 2001) (consolidating actions concerning in excess of three separate diet drugs and involving multiple defendants where there were common factual questions regarding alleged defects in the drugs and assigning case to the Honorable Louis C. Bechtle); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, (MDL 1014) (J.P.M.L. August 4, 1994) (consolidating actions involving multiple manufacturers of orthopedic bone screws even though these actions involved different products with varying designs and assigned case to case to the Honorable Louis C. Bechtle); *In re Silicone Gel Breast Implants Products Liab. Litig.*, 793 F. Supp. 1098, 1099-100 (J.P.M.L. 1992) (consolidating 78 actions involving multiple manufacturers of breast implants even though these actions involved substantial variation in the underlying product and assigning case to the Honorable Sam C. Pointer, Jr.); *In re Humana Inc. Managed Care Litig.*, MDL-1334, 2000 WL 1925080 (J.P.M.L. Oct. 23, 2000) (consolidating multiple class actions pending against different HMOs and involving different products and assigning case to the Honorable Federico A. Moreno).

These cases unequivocally demonstrate that this Panel has deemed cases involving multiple different products and defendants appropriate for consolidation and transfer pursuant to § 1407. This Panel's transfer and consolidation of the *PPA* litigation is particularly illustrative of why transfer and consolidation of the instant litigation is warranted. In *PPA*, as in the current litigation, there was no common defendant. *PPA* involved multiple defendants who marketed

numerous over-the-counter cough-cold and weight-loss products containing PPA.  The *PPA* litigation also involved several distinct types of injuries (namely hemorrhagic stroke, ischemic stroke, and myocardial infarction).  Likewise, the instant litigation involves multiple different manufacturers of testosterone replacement therapies and allegations that these therapies result in more than one type of injury (*i.e.*, life threatening cardiac events, strokes, and thrombolytic events).  Thus, even though the instant litigation involves multiple defendants and multiple different injuries, it is respectfully submitted that consolidation and transfer is appropriate.

> **2.   Consolidation   or   Coordination   for   Pretrial Proceedings Will Further the Convenience of Parties and Witnesses**

Consolidation or coordination of the Related Actions will serve the convenience of both the parties and witnesses.  Discovery from the Defendants in all of these Related Actions will involve substantially the same testimony, documentary evidence, and experts.  Consolidation of these actions will avoid duplicative, redundant, and costly discovery proceedings, and avoid repetitive motion practice and potentially conflicting discovery and other pretrial rulings.  *See, In re: Zimmer Nexgen Knee Implant Products Liability Litigation*, 2011  WL   3563292, *2 (J.P.M.D.L. 2011)("consolidation "will eliminate duplicative discovery, prevent inconsistent pretrial rulings on Daubert and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary"); *In re Seroquel Prod. Liab. Litig.*, 447 F. Supp. 2d 1376, 1378 (J.P.M.L. 2006)(transferring cases to a single district because it would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation"); *In re European Rail Pass Antitrust Litig.*, No. MDL 1386, 2001 WL 587855, at *1 (J.P.M.L. Feb. 7, 2001)(same); *In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 698 (J.P.M.L. 1995)(same); *In re Multi-Piece Rim Prod. Liab. Litig.*, 464 F. Supp. 969, 974 (J.P.M.L.

1979)(same). Thus, because of the convenience of consolidation or coordination to both the parties and witnesses, consolidation or coordination is appropriate here.

    **3.**    **Consolidation or Coordination for Pretrial Proceedings Will Promote the Just and Efficient Conduct of the Related Actions**

Consolidation or coordination of the Related Actions will promote the just and efficient conduct of the actions. Each Related Action likely will involve the same pretrial issues. Consolidation or coordination will eliminate the likelihood of duplicative proceedings that might result in inconsistent rulings and will prevent judicial resources from being wasted needlessly. *See In re Vioxx Prod. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005)(transferring case to the Honorable Eldon E. Fallon and pointing out that "transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues . . . and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties."); *In re Comm'l Money Ctr., Inc. Equip. Lease Litig.*, No. MDL 1490, 2002 WL 31432881, at *1 (J.P.M.L. Oct. 25, 2002)(stating that consolidation of cases filed nationwide would prevent inconsistent rulings); *In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. at 698 (concluding that consolidation was necessary to eliminate inconsistent pretrial rulings); *In re A.H. Robins Co. "Dalkon Shield" IUD Prod. Liab. Litig.*, 406 F. Supp. 540, 542 (J.P.M.L. 1975)(concluding that transfer was necessary to prevent duplication of discovery and to eliminate the possibility of conflicting pretrial rulings). Further, centralization in class-action cases is especially important because it ensures that there is a consistent treatment of class-action issues. *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977).

Thus, because it would promote a just and efficient resolution of the Related Actions, consolidation or coordination is appropriate here.

**B.     THE EASTERN DISTRICT OF LOUISIANA IS THE MOST APPROPRIATE FORUM FOR TRANSFER AND CONSOLIDATION**

In determining the most appropriate transferee forum, the Panel considers, among other things, "where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, . . . the experience, skill, and caseloads of available judges," where the first filed case is located, and whether the proposed district provides an accessible location. *See* Manual for Complex Litigation (Fourth) § 20.131 (2005); *In re Educ. Testing Serv. Plt 7-12 Test Scoring Litig.*, 350 F. Supp. 2d 1363, 1365 (J.P.M.L. 2004)(Panel found district appropriate where four of the thirteen actions were already pending in the district, the district provided an accessible, metropolitan location, the district had favorable caseload conditions, and the judge had experience managing multidistrict litigation); *In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L.1973)(Panel considered the conveniences of the parties and witnesses, location of relevant documents, stage of pretrial proceedings, and the status of civil dockets).

The Eastern District of Louisiana as the transferee court is preferable and proper to "promote the just and efficient conduct of [the] actions" and advance the "convenience of parties and witnesses" (28 U.S.C.A. §1407).

An important factor that frequently is considered by this Panel is the experience of a potential transferee forum in managing multidistrict litigation. *See, e.g., In re Janus Mutual Funds Inv. Litig.*, 310 F. Supp. 2d 1359, 1361 (J.P.M.L. 2004).  As the Panel has recognized on numerous occasions, the Eastern District of Louisiana has the resources to handle complex

litigation such as this. *See In re Propulsid Liability Litigation*, 2000 WL 35621417 (J.P.M.L. 2000) (D.J. Fallon); *In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005) (D.J. Fallon); *In re Chinese-Drywall Products Liability Litigation*, 626 F.Supp.2d 1346 (J.P.M.L. 2009) (D.J. Fallon); *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico*, 731 F.Supp.2d 135 (J.P.M.L. 2010) (D.J. Barbier); *In re Pool Products Distribution Market Antitrust Litigation*, 856 F.Supp.2d 1341, J.P.M.L. 2012) (D.J. Vance).

The current list of Related Actions is only the tip-of-the iceberg insofar as the testosterone products liability litigation is concerned. Indeed, a significant number of plaintiffs' counsel around the country, including the undersigned, have reported investigating numerous testosterone replacement therapy claims. The numbers of filed cases could reach well-into the thousands as counsel work their way through the flood of claims from prospective clients. Clearly, given both the numerosity of the claims and their substantial similarity, not only is consolidation appropriate but transfer to an experienced, well-prepared district court with a seasoned Clerk's office, like the Eastern District of Louisiana, is essential.

The Eastern District of Louisiana would serve as an excellent transferee court because of the numerous judicial resources, highly competent and ultra-experienced magistrate and district court Judges, including the district judges assigned to Plaintiffs Jeffrey Daboval Peuler and Jennifer Leuler Gilen's case,[4] Plaintiff LoCoco, II's case,[5] and to Movants' case,[6] as well as other Judges in the District including Chief Judge Sarah Vance, who has successfully handled

---

[4] Plaintiffs' Jeffrey Daboval Peuler and Jennifer Leuler Gilen's case is assigned to District Judge Eldon E. Fallon. *See Peuler v. Auxilium Pharmaceuticals*, 14-658 (E.D.La.).

[5] Plaintiff LoCoco, II's case is assigned to the Honorable Carl Joseph Barbier. *See LoCoco, II v. AbbVie Inc.*, 14-774 (E.D.La.).

[6] Movants' case is assigned to District Judge Martin Leach-Cross Feldman. *See Barrios v. AbbVie Inc.*, 14-00839 (E.D.La.).

MDL transfers.   Both Judge Fallon and Judge Barbier also have considerable experience successfully overseeing multidistrict litigations.   Judge Fallon has successfully overseen MDL litigations in Vioxx, Propulsid, and Chinese Drywall.[7]  Judge Barbier is currently overseeing the BP Oil Spill MDL.   Additionally, the Eastern District of Louisiana has a well-prepared, well-staffed, and overall top-notch Clerk's office with over a decade of experience of efficiently and successfully managing complex multidistrict litigation.

Currently the Eastern District of Louisiana has only six (6) pending MDL cases[8] and many of them are winding-down.  For instance, in the Vioxx litigation Judge Fallon has overseen the resolution of tens of thousands of personal injury claims in a multi-billion dollar settlement program which is nearly finished.  In the Chinese Drywall litigation, Judge Fallon has approved a settlement with the German defendants, representing half of the cases on the docket and in the BP Oil Spill MDL there is a class settlement pending.   Compared to the other district courts, the Eastern District of Louisiana has one of the fastest median times from civil filings to trial, which is a testament not only to the Judges but the experienced and efficient Clerk's Office. Many times overlooked, the Clerk's office has a significant role in the court's successful management of mass torts.   The Easter District of Louisiana's Clerk's office has the empirical experience in handling prolific dockets in such cases as Propulsid (approximately 1000+ cases resolved); Vioxx (approximately 40,000 cases resolved), Chinese Drywall (approximately 10,000+ cases with half resolved) and BP Oil Spill MDL (thousands of individual cases with a class settlement

---

[7] The Chinese Drywall litigation is currently in a lull with over 50% of the case settled and the claims against one of the primary defendants in the litigation on appeal to the Fifth Circuit Court of Appeals.  For this reason, Judge Fallon is in an excellent position to oversee the instant litigation should this Panel elect to transfer the case to the Eastern District of Louisiana.

[8] *See* http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-March-13-2014.pdf

pending).   The median time for civil filings to trial in the Eastern District of Louisiana is 18.3 months ranking it 10th among all district courts.[9] The Eastern District of Louisiana has clearly mastered this function and is therefore the best choice for transfer and consolidation of the instant litigation.[10] [11]

## II.    CONCLUSION

For these reasons, Movants respectfully request that the Panel grant their motion for transfer and coordination or consolidation under 28 U.S.C. § 1407 and transfer the Related

---

[9]    *See*http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagement statist ics/2012/district-fcms-profiles-september-2012.pdf&page=1)

[10]  The Eastern District of Louisiana, is located in New Orleans, Louisiana, and is easily reached by all of the states implicated so far in this multidistrict proceeding.  New Orleans has ample accommodations for business travelers and has convenient jet service to all major airports throughout the country.

[11] To the extent the Panel disagrees that the Eastern District of Louisiana is an appropriate forum for transfer, it is respectfully submitted that this litigation should be transferred to the United States District Court for the Eastern District of Pennsylvania.  The Eastern District of Pennsylvania is highly experienced in the handling of complex litigations including large multidistrict litigation.  Based on this past experience, the Eastern District of Pennsylvania is capable of handling this litigation if assigned by this Panel.  There are currently four Related Actions pending in the Eastern District of Pennsylvania. *See Tejeda v. AbbVie Inc., et al.*, 14-946 (E.D.Pa.) (assigned to the Honorable Nitza I Quinones Alejandro); *Albright v. AbbVie Inc., et al.*, 14-2112 (E.D.Pa.) (assigned to the Honorable C. Darnell Jones, II); *Harris v. Abbvie Inc., et al.*, 14-2113 (E.D.Pa.) (assigned to the Honorable L. Felipe Restrepo); *Husted, Sr. v. Abbvie Inc., et al.*, 14-2111 (E.D.Pa.) (assigned to the Honorable Thomas N. O'Neill, Jr.).

Actions to the Eastern District of Louisiana.

Dated: April 14, 2014                    Respectfully submitted,

                                         /s/ Leonard A. Davis

                                         _____
                                         Russ M. Herman, Esquire (LA Bar No. 6819)
                                         rherman@hhklawfirm.com
                                         Maury A. Herman, Esquire (LA Bar No. 6815)
                                         mherman@hhklawfirm.com
                                         Leonard A. Davis, Esquire (LA Bar No. 14190)
                                         ldavis@hhklawfirm.com
                                         Stephen J. Herman, Esquire (LA Bar No. 23129)
                                         sherman@hhklawfirm.com
                                         Aaron Z. Ahlquist, Esquire (LA Bar No. 29063)
                                         aahlquist@hhklawfirm.com
                                         HERMAN, HERMAN & KATZ, LLC
                                         820 O'Keefe Avenue
                                         New Orleans, Louisiana 70113
                                         Phone: (504) 581-4892
                                         Fax: (504) 561-6024

## EXHIBIT "I"

### SCHEDULE OF RELATED ACTIONS

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiff<br>Gena Komrada o/b/o Estate of Michael J. Komrada<br><br>Defendant<br>AbbVie Inc., Abbott Laboratories, Inc. | N.D.Il. | 14-2429 | The Honorable Matthew F. Kennelly |
| Plaintiff<br>Mecikalski, Michael<br><br>Defendant<br>AbbVie Inc., Abbott Laboratories, Inc. | N.D.Il. | 14-2441 | The Honorable Matthew F. Kennelly |
| Plaintiff<br>Albright, Joseph<br><br>Defendant<br>AbbVie Inc., Abbott Laboratories, Inc. | E.D.Pa. | 14-2112 | The Honorable C. Darnell Jones, II |
| Plaintiff<br>Reid, Jr., Robert M.<br><br>Defendant<br>AbbVie Inc., Abbott Laboratories, Inc. | N.D.Il. | 14-2443 | The Honorable Matthew F. Kennelly |
| Plaintiff<br>Harris, Mark<br><br>Defendant<br>AbbVie Inc., Abbott Laboratories, Inc. | E.D.Pa. | 14-2113 | The Honorable L. Felipe Restrepo |
| Plaintiff<br>Husted, Sr., Ronald<br><br>Defendant<br>AbbVie Inc., Abbott Laboratories, Inc. | E.D.Pa. | 14-2111 | The Honorable Thomas N. O'Neill, Jr. |

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiff<br>LoCoco, II, Santo<br><br>Defendant<br>AbbVie Inc., Abbott Laboratories, Inc. | E.D.La. | 14-774 | The Honorable Carl Barbier |
| Plaintiff<br>Barrios, Rafeal<br><br>Defendant<br>AbbVie Inc., Abbott Laboratories, Inc., Auxilium | E.D.La. | 14-00839 | The Honorable Martin Feldman |
| Plaintiff<br>Peuler, Jeffrey<br><br>Defendant<br>Auxilium Pharmaceuticals | E.D.La. | 14-658 | The Honorable Eldon E. Fallon |

BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ANDROGEL PRODUCT LIABILITY LITIGATION | § § § § | MDL DOCKET NO. 2545 |

## AMENDED PROOF OF SERVICE

I hereby certify that on April 14, 2014, a copy of foregoing *Motion*, Memorandum

*of Law, Schedule of Actions, Request for Oral Argument and this Proof of Service* in Support of

Plaintiffs' *Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. §1407*

(Document #17) was electronically transmitted to the Judicial Panel on Multidistrict Litigation

via the CM/ECF system and was served by First-Class Mail, and Electronic Mail upon the

foregoing counsel:

| ATTORNEY | PARTY / CASE |
|---|---|
| James F. Hurst<br>Nicole E. Wrigley<br>Scott P. Glauberman<br>Bryna Joyce Roth Dahlin<br>Joseph Laurence Motto<br>Scott M. Ahmad<br>Thomas James Frederick<br>**Winston & Strawn, LLP**<br>35 W. Wacker Dr.<br>Chicago, IL 60601-9703<br>jhurst@winston.com<br>nwrigley@winston.com<br>sglauber@winston.com<br>bdahlin@winston.com<br>jmotto@winston.com<br>sahmad@winston.com<br>Tfrederick@winston.com | Defendants:<br>AbbVie Inc. and Abbott Laboratories, Inc.<br><br>*Aurecchia v. AbbVie Inc., et al.,*<br>N.D.Il. No. 14-772<br>*Marino v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-777<br>*Myers v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-780<br>*Johnson v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-877<br>*Kelly, Sr. v. AbbVie Inc., et al.,*<br>N.D.Il., No. 14-879<br>*Lau v. AbbVie Inc., et al.,* N.D.Il., No.<br>14-1298<br>*Cripe v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-843<br>*Gibby v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-917<br>*Hardee v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-918 |

|  | *Bartholic v. AbbVie Inc., et al.,* N.D.Il., No. 14-1427 |
| --- | --- |
|  | *O'Donnell v. AbbVie Inc., et al.,* N.D.Il. No. 14-1428 |
|  | *Blades v. AbbVie Inc., et al.,* N.D.Il., No. 14-1471 |
|  | *Carpenter v. AbbVie Inc., et al.,* N.D.Il., No. 14-1472 |
|  | *Humphries v. AbbVie Inc., et al.,* N.D.Il., No. 14-1473 |
|  | *Dobbs v. AbbVie Inc., et al.,* N.D.Il., No. 14-1474 |
|  | *Headley v. AbbVie Inc., et al.,* N.D.Il., No. 14-1475 |
|  | *Hughes v. AbbVie Inc., et al.,* N.D.Il., No. 14-1476 |
|  | *Jackson v. AbbVie Inc., et al.,* N.D.Il., No. 14-1477 |
|  | *Gordon v. AbbVie Inc., et al.,* N.D.Il., No. 14-1478 |
|  | *Jones v. AbbVie Inc., et al.,* N.D.Il., No. 14-1479 |
|  | *King v. AbbVie Inc., et al.,* N.D.Il., No. 14-1480 |
|  | *Lewis v. AbbVie Inc., et al.,* N.D.Il., No. 14-1481 |
|  | *Saylor v. AbbVie Inc., et al.,* N.D.Il., No. 14-1482 |
|  | *Cataudella v. AbbVie Inc., et al.,* N.D.Il., No.14-1483 |
|  | *Bailey v. AbbVie Inc., et al.,* N.D.Il., No. 14-1663 |
|  | *Gordon v. AbbVie Inc., et al.,* N.D.Il., No. 14-1665 |
|  | *White v. AbbVie Inc., et al.,* N.D.Il., No. 14-1667 |
|  | *Montgomery v. AbbVie Inc., et al.,* N.D.Il., No. 14-1668 |
|  | *Ortiz v. AbbVie Inc., et al.,* N.D.Il., No. 14-1670 |
|  | *DeLeon v. AbbVie Inc., et al.,* N.D.Il., No. 14-167 |
|  | *Delu v. AbbVie Inc., et al.,* N.D.Il., No. 14-1726 |
|  | *LaRoche v. AbbVie Inc., et al.,* N.D.Il., No. 14-1826 |

| | |
|---|---|
| | *George V. AbbVie Inc., et al.*, N.D.Il., No. 14-2085<br>*Darby v. AbbVie Inc., et al.*, N.D.Il., No. 14-2227<br>*Emmons v. AbbVie Inc., et al.*, N.D.Il., No. 14-2221<br>*Covey v. AbbVie Inc., et al.*, N.D.Il., No. 14-2405<br>*Parker v. AbbVie Inc., et al.*, N.D.Il., No. 14-2394<br>*Deforest v. AbbVie Inc., et al.*, N.D.Il., No. 14-2405<br>*Lueck v. AbbVie Inc., et al.*, N.D.Il., No. 14-2140<br>*Schenkein v. AbbVie Inc., et al.*, D.Co., No. 14-910<br>*Tejeda v. AbbVie Inc., et al.*, E.D.Pa., No. 14-946<br>*LoCoco v. AbbVie Inc., et al.*, E.D.La., No. 14-774<br>*Albright v. AbbVie, Inc, et al*, E.D.La., No. 14-2112<br>*Harris v. Abbvie, Inc., et al*, E.D. Pa., No. 14-2113<br>*Husted v. Abbvie, Inc., et al*, E.D. Pa., No. 14-2111<br>*Komrada v. AbbVie Inc., et al.*, N.D.Il., No. 14-2429<br>*Mecikalski v. AbbVie Inc., et al.*, N.D.Il., No. 2441<br>*Reid v. AbbVie Inc., et al.*, N.D.Il., No. 14-2443 |
| David E. Stanley<br>**Reed Smith LLP**<br>355. S Grand Avenue, Ste. 2900<br>Los Angeles, CA 90071<br>Dstanley@reedsmith.com<br><br>Timothy Robert Carraher<br>**Reed Smith LLP**<br>10 S. Wacker Dr., 40th Floor<br>Chicago, IL  60606<br>tcarraher@reedsmith.com | Defendants:<br>Eli Lilly and Company, Lilly USA LLC<br><br>*Lau v. Abbvie Inc., et al.*, N.D.Il., No. 14-1298 |

| | |
|---|---|
| Auxilium Pharmaceuticals<br>640 Lee Road<br>Chesterbrook, PA 19087 | Unrepresented Party:<br>*Peuler v. Auxilium Pharmaceuticals,*<br>E.D.La., No. 14-658<br>*Barrios v. AbbVie, Inc., et al,* E.D. La,<br>No. 14-839 |
| Andrew Keith Solow<br>**Kaye Scholer LLP**<br>425 Park Ave.<br>New York, NY 10022<br>asolow@kayescholer.com<br><br>Jeffrey Mark Wagner<br>**Kaye Scholer LLP**<br>3 First National Plaza<br>70 West Madison<br>Chicago, IL 60602<br>Jeffrey.wagner@kayescholer.com<br><br>Pamela Joan Yates<br>**Kaye Scholer LLP**<br>1999 Avenue of the Stars, Ste 1700<br>Los Angeles, CA 90067<br>pyates@kayescholer.com | Defendant:<br>Endo Pharmaceuticals<br><br>*Cataudella v. AbbVie Inc., et al.,*<br>N.D.Il., No.14-1483 |
| Diane Nast<br>**NastLaw LLC**<br>1101 Market St., Suite 2801<br>Philadelphia, PA 19107<br>Dnast@nastlaw.com | Plaintiff:<br>*Tejeda v. AbbVie Inc., et al.,* E.D.Pa.,<br>No. 14-946 |
| Gerald E. Meunier<br>**Gainsburgh,   Benjamin,   David,   Meunier   &<br>Warshauer**<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>gmeunier@gainsben.com | Plaintiff:<br><br>*LoCoco v. AbbVie Inc., et al.,* E.D.La.,<br>No. 14-774 |
| Ronald E. Johnson, Jr.<br>Sarah Lynch<br>**Schachter Hendy & Johnson**<br>909 Wrights Summit Parkway, Suite 210<br>Fort Wright, KY 41011<br>rjohnson@pschachter.com<br>slynch@pschachter.com | Plaintiffs:<br>*Blades v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-1471<br>*Carpenter v. AbbVie Inc., et al.,*<br>N.D.Il., No. 14-1472<br>*Humphries v. AbbVie Inc., et al.,*<br>N.D.Il., No. 14-1473 |

| Seth A. Katz<br>**Burg Simpson**<br>40 Iverness Drive East<br>Englewood, CO 80116<br>skatz@burgsimpson.com | Plaintiffs:<br><br>*Schenkein v. AbbVie Inc., et al.,* D.Co.,<br>No. 14-910 |
|---|---|
| Joseph M. Lyon<br>**The Lyon Firm**<br>22 West 9th<br>Cincinnati, OH 45202<br>jlyon@thelyonfirm.com | Plaintiffs:<br>*Cripe v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-843<br>*Gibby v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-917<br>*Hardee v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-918<br>*Dobbs v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-1474<br>*Headley v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-1475<br>*Hughes v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-1476<br>*Jackson v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-1477<br>*Gordon v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-1478<br>*Jones v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-1479<br>*King v. AbbVie Inc., et al.,* N.D.Il., No.<br>14-1480<br>*Lewis v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-1481<br>*Saylor v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-1482 |
| Trent B. Miracle<br>Brendan A. Smith<br>**Simmons Browder Gianaris Angelides & Barnerd**<br>One Court St.<br>Alton, IL 62002<br>tmiracle@simmonsfirm.com<br>bsmith@simmonsfirm.com | Plaintiffs:<br><br>*Aurecchia v. AbbVie Inc., et al.,*<br>N.D.Il. No. 14-772<br>*Bailey v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-1663<br>*Bartholic v. AbbVie Inc., et al.,*<br>N.D.Il., No. 14-1427<br>*DeLeon v. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-167<br>*Delu v. AbbVie Inc., et al.,* N.D.Il., No.<br>14-1726<br>*George V. AbbVie Inc., et al.,* N.D.Il.,<br>No. 14-2085 |

| | |
|---|---|
| | *Gordon v. AbbVie Inc., et al.*, N.D.Il., No. 14-1665 <br> *Johnson v. AbbVie Inc., et al.*, N.D.Il., No. 14-877 <br> *Kelly, Sr. v. AbbVie Inc., et al.*, N.D.Il., No.14-879 <br> *Lau v. AbbVie Inc., et al.*, N.D.Il., No. 14-1298 <br> *Lueck v. AbbVie Inc., et al.*, N.D.Il., No. 14-2140 <br> *Marino v. AbbVie Inc., et al.,* N.D.Il., No. 14-777 <br> *Myers v. AbbVie Inc., et al.*, N.D.Il., No. 14-780 <br> *Montgomery v. AbbVie Inc., et al.,* N.D.Il., No. 14-1668 <br> *O'Donnell v. AbbVie Inc., et al.,* N.D.Il. No. 14-1428 <br> *Ortiz v. AbbVie Inc., et al.*, N.D.Il., No. 14-1670 <br> *White v. AbbVie Inc., et al.*, N.D.Il., No. 14-1667 |
| Benedict P. Morelli <br> David Stuart Ratner <br> David T. Sirotkin <br> **Morelli Alters Ratner LLP** <br> 950 Third Ave., 11th Floor <br> New York, NY 10022 <br> bmorelli@morellialters.com <br> dratner@morellialters.com <br> dsirotkin@morellialters.com | Co-Counsel for Plaintiffs: <br> *Aurecchia v. AbbVie Inc., et al.,* N.D.Il. No. 14-772 <br> *Marino v. AbbVie Inc., et al.*, N.D.Il., No. 14-777 <br> *Myers v. AbbVie Inc., et al.*, N.D.Il., No. 14-780 |
| James P. Roy <br> Elwood C. Stevens, Jr. <br> **Domengeaux, Wright, Roy & Edwards** <br> 556 Jefferson St., Ste 500 <br> Lafayette, LA 70502 <br> jimr@wrightroy.com <br> ElwoodS@wrightroy.com | Plaintiff: <br> *Peuler v. Auxilium Pharmaceuticals,* E.D.La., No. 14-658 |

| | |
|---|---|
| Drew B. Laframboise<br>James F. Green<br>Stephanie Lynn Gardner<br>**Ashcraft & Gerel, LLP**<br>4900 Seminary Rd., Ste 650<br>Alexandria, VA 22311<br>dlaframboise@ashcraftlaw.com<br>jgreen@ashcraftlaw.com<br>sgardner@ashcraftlaw.com<br>mparf@aol.com | Plaintiff:<br>*Komrada v. AbbVie Inc., et al.,*<br>N.D.Il., No. 14-2429 |
| Tor A. Hoerman<br>**TorHoerman Law LLC**<br>101 W. Vandalia St., Ste 350<br>Edwardsville, IL 62025<br>thoerman@torhoermanlaw.com | Plaintiff:<br>*Komrada v. AbbVie Inc., et al.,*<br>N.D.Il., No. 14-2429 |
| Gary D. McCallister<br>**Gary D. McCallister & Associates, LLC**<br>120 N. LaSalle Street, Suite 2800<br>Chicago, IL 60602<br>gdm@gdmlawfirm.com | Plaintiff:<br>*Mecikalski v. AbbVie Inc., et al.,*<br>N.D.Il., No. 2441<br>*Reid v. AbbVie Inc., et al.,*<br>N.D.Il., No. 14-2443 |
| George M. Fleming<br>**Fletcher & Sippel**<br>29 North Wacker, Suite 920<br>Chicago, IL 60606<br>george_fleming@fleming-law.com | Plaintiff:<br>*Mecikalski v. AbbVie Inc., et al.,*<br>N.D.Il., No. 2441<br>*Reid v. AbbVie Inc., et al.,*<br>N.D.Il., No. 14-2443 |
| Arnold Levin<br>Michael M. Weinkowitz<br>**Levin, Fishbein, Sedran & Berman**<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19104<br>mweinkowitz@lfsblaw.com<br>alevin@lfsblaw.com | Plaintiff:<br><br>*Albright v. AbbVie, Inc, et al,* E.D.Pa.,<br>No. 14-2112<br>*Harris v. Abbvie, Inc., et al,* E.D. Pa.,<br>No. 14-2113<br>*Husted v. Abbvie, Inc., et al,* E.D. Pa.,<br>No. 14-2111 |
| Clerk of the Court<br>United States District Court<br>Eastern District of Pennsylvania<br>U.S. Courthouse, 601 Market Street<br>Room 2609<br>Philadelphia, PA 19106 | |

| | |
|---|---|
| Clerk of the Court<br>United States District Court<br>Northern District of Illinois, Eastern Division<br>United States Courthouse<br>219 South Dearborn St.<br>Chicago, IL  60604 | |
| Clerk of the Court<br>United States District Court<br>District of Colorado<br>Byron G. Rogers Courthouse<br>1929 Stout St.<br>Denver, CO  80294 | |
| Clerk of the Court<br>United States District Court<br>Eastern District of Louisiana<br>500 Poydras Street, Room C-151<br>New Orleans, LA 70130 | |

Respectfully submitted,

/s/ Leonard A. Davis

---

Russ M. Herman, Esquire (LA Bar No. 6819)
rherman@hhklawfirm.com
Maury A. Herman, Esquire (LA Bar No. 6815)
mherman@hhklawfirm.com
Leonard A. Davis, Esquire (LA Bar No. 14190)
ldavis@hhklawfirm.com
Stephen J. Herman, Esquire (LA Bar No. 23129)
sherman@hhklawfirm.com
Aaron Z. Ahlquist, Esquire (LA Bar No. 29063)
aahlquist@hhklawfirm.com
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024